IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLENE MCNEISH, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-582 |
| v. | : | |
| ANDREW M. SAUL, Commissioner of Social Security Administration,[1] | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 26th day of February, 2020, after considering the complaint (Doc. No. 3), the answer (Doc. No. 8), the administrative record (Doc. No. 9), the plaintiff's brief and statement of issues in support of her request for review (Doc. No. 14), the defendant's response to the plaintiff's request for review (Doc. No. 17), the plaintiff's reply to the defendant's response to the request for review (Doc. No. 21), the report and recommendation filed by the Honorable Marilyn Heffley (Doc. No. 23), the defendant's objection to the report and recommendation (Doc. No. 28), and the plaintiff's objections to the report and recommendation (Doc. No. 31), it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this matter from civil suspense and **RETURN** it to the court's active docket;

2. The defendant's objection to the report and recommendation (Doc. No. 28) is **OVERRULED**;[2]

---

[1] Andrew M. Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019, for a six-year term that expires on January 19, 2025. *See* https://www.ssa.gov/agency/commissioner.html (last visited August 12, 2019). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Commissioner Saul as the defendant in this action.

[2] This court's review of the contested portion of the report and recommendation is plenary. The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

3. The plaintiff's objections to the report and recommendation (Doc. No. 31) are **OVERRULED AS MOOT**;[3]

4. The report and recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED**;

5. The plaintiff's request for review is **GRANTED IN PART**;[4]

6. The decision of the Commissioner of Social Security Administration is **REVERSED** to the extent the matter is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with the report and recommendation (Doc. No. 23); and

---

objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). "Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence." *Abney v. Colvin*, Civ. A. No. 13-6818, 2015 WL 5113315, at *3 (E.D. Pa. Aug. 31, 2015) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted).

    In the objection, the defendant generally argues that the plaintiff "never asserted her challenge to the validity of the appointment of the Social Security Administration ('SSA') [Administrative Law Judge ("ALJ")] presiding over her hearing at any point in the administrative process. Instead, she raised it for the first time in a brief in district court." Def.'s Obj. to the Magistrate Judge's R. & R. at 2, Doc. No. 28. Because of this, the defendant argues that the plaintiff "failed to raise a timely challenge, and under *Lucia*[ *v. SEC*, 138 S. Ct. 2044 (2018)], she is not entitled to relief." *Id.* The court finds that in light of the Third Circuit's recent decision in *Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), the plaintiff did not need to raise this challenge prior to the district court level for her challenge to be timely.

    In *Cirko*, the Third Circuit specifically addressed a potential exhaustion requirement, holding that "there is little legitimate governmental interest in requiring exhaustion here. And, as we have explained, the individual interests on the other side of the ledger are substantial. For those reasons, and considering the special character of both the agency and the constitutional claim at issue, we decline to require exhaustion." 948 F.3d at 159. "Requiring exhaustion in this case would upend this arrangement by forcing claimants—despite the informal, non-adversarial nature of the review process—to root out a constitutional claim even beyond the power of the agency to remedy, or alternatively risk forfeiture." *Id.* at 157. As in this case, the plaintiff in *Cirko* did not raise a constitutional challenge to appointment of the ALJ presiding over the hearing until before the district court, and the court still determined that the challenge was timely. Therefore, like in *Cirko*, the court must remand this case "to the Social Security Administration for [a] new hearing[] before constitutionally appointed ALJs other than those who presided over [the plaintiff's] first hearing[]." *Id.* at 159–60. Therefore, the court overrules the defendant's objection with respect to the issue of timeliness of the plaintiff's constitutional challenge.

[3] The plaintiff's objections, which are based wholly on the alternative proposed in the report and recommendation, namely, Judge Heffley's recommendation that the court deny the plaintiff's challenges to the merits of the ALJ's decision if the court does not remand the case based on the plaintiff's constitutional challenge, are moot since the court is granting the plaintiff's request for review based on the constitutional challenge.

[4] The court does not need to discuss the plaintiff's remaining claims at this time, since the court is remanding the case to the Commissioner for a hearing before a different Administrative Law Judge ("ALJ") who has been properly appointed pursuant to the Appointments Clause of the United States Constitution. *See Steinberger v. Barnhart*, No. Civ. A. 04-5383, 2005 WL 2077375, at *4 (E.D. Pa. Aug. 24, 2005) ("Having concluded . . . that remand to the ALJ for a new evidentiary hearing is appropriate, the Court will not address [the] other arguments for remand, as the ALJ's findings may be revised in any decision issued following the new hearing.").

7. The clerk of court shall **CLOSE** this case.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.