IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLENE MCNEISH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-582 |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                   July 20, 2020

The plaintiff seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), having prevailed before this court in arguing that the administrative law judge ("ALJ") who originally heard her social security claim was not constitutionally appointed. The Commissioner opposes the motion. For the reasons set forth below, the court concludes that the plaintiff is not entitled to attorneys' fees.

        **I.**         **PROCEDURAL HISTORY AND APPLICABLE RECORD**

The plaintiff, Carlene N. McNeish, filed an application for social security income under Title XVI of the Social Security Act on September 25, 2013. Admin. R. at 94, Doc. No. 9-3. The Social Security Administration initially denied her application on May 29, 2014. *Id.* at 115–18, Doc. No. 9-4. After holding a hearing on March 29, 2016, the ALJ issued a decision on April 28, 2016, concluding that the plaintiff did not qualify as disabled under the Social Security Act. *Id.* at 54–81, Doc. No. 9-2; *id.* at 95–111, Doc. No. 9-3. The plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 160–62, Doc. No. 9-4. The Appeals Council denied the plaintiff's request for review. *Id.* at 1–7, Doc. No. 2.

On February 9, 2018, the plaintiff filed an application for leave to proceed *in forma pauperis* and a proposed complaint seeking judicial review of the ALJ's decision. Doc. No. 1. The court granted the plaintiff leave to proceed *in forma pauperis* and directed the clerk to docket the complaint on February 15, 2018. Doc. No. 2.

On June 21, 2018, the Supreme Court rendered a decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018). In *Lucia*, the Court addressed whether ALJs working for the Securities and Exchange Commission("S.E.C.") are "Officers of the United States" or "simply employees of the Federal Government." *Id.* at 2051. This distinction is pivotal because "[t]he Appointments Clause prescribes the exclusive means of appointing 'Officers.'" *Id.* Under the Appointments Clause "[o]nly the President, a court of law, or a head of department" can appoint officers. *Id.* The Court held that S.E.C. ALJs are officers, and, therefore, their appointments must comport with the Appointments Clause of the Constitution. *Id.* at 2055.

On August 6, 2018, the plaintiff filed a brief in support of her request for judicial review. Doc. No. 14. In the brief, the plaintiff "raise[d] a new issue" based on *Lucia*, which the Court decided after the plaintiff filed the complaint. Pl.'s. Br. and Statement of Issues in Supp. of Request for Judicial Review at 2. The plaintiff argued that "Social Security ALJs are covered by the *Lucia* holding." *Id.* at 2. Because the ALJ who decided the plaintiff's case "had not been appointed as required by the holding in *Lucia*," she argued that the court should remand the case "to an ALJ who has been constitutionally appointed as required by *Lucia*." *Id.*

On November 26, 2019, the Honorable Magistrate Judge Marilyn Heffley issued a report and recommendation, which recommended that this court remand the plaintiff's case to a properly appointed ALJ.[1] *See* R. & R. at 1, 28, Doc. No. 23. On January 3, 2020, the Commissioner objected

---

[1] Judge Heffley alternatively recommended that should the court not remand the case on constitutional grounds, the court should deny the plaintiff's claims challenging the merits of the ALJ's decision. *See* R. & R. at 1, 28.

to the report and recommendation on the grounds that the plaintiff waived her constitutional challenge to the appointment of the ALJ by not raising the argument at the administrative level. Def.'s Obj. to the Mag. J.'s R. & R. at 4–14, Doc. No. 28.

Soon after the Commissioner filed his objection, the Third Circuit Court of Appeals rendered a decision in *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148 (2020). In *Cirko*, the Third Circuit held that "the special character of both the agency and the constitutional claim at issue" supported permitting those appealing social security benefit determinations to make Appointments Clause challenges in federal court without exhausting those claims before the Social Security Administration. 948 F.3d at 159.

This court issued an order adopting Judge Heffley's report and recommendation and overruling the Commissioner's objection based on the newly-released *Cirko* decision on February 26, 2020. Doc. No. 32. The plaintiff then filed the instant motion for attorneys' fees on May 13, 2020. Doc. No. 33. The Commissioner filed a response in opposition to the motion on May 21, 2020. Doc. No. 34. The plaintiff filed a reply to the response on May 26, 2020. Doc. No. 35. The court held oral argument on the motion on July 1, 2020. The motion for attorney's fees is now ripe for disposition.

## II.     DISCUSSION

### A.     Standard of Review

The EAJA "remove[s] an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir. 1983) (citation and internal quotation marks omitted). To achieve this aim, the EAJA permits courts to award attorney's fees to a

"prevailing party" unless a court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A "substantially justified" position is not a position "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The Government's 'position' includes its position taken in litigation and the agency position that made the litigation necessary." *Diaz v. Comm'r of Soc. Sec.*, 410 F. App'x 430, 432 (3d Cir. 2010) (citing *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). This means that a court must consider the position the Commissioner took during the pre-litigation administrative process and the litigation in federal court. *See, e.g.*, *Marant v. Saul*, Civ. A. No. 18-4832, 2020 WL 3402416, at *3 (E.D. Pa. June 19, 2020) (analyzing Commissioner's pre-litigation position, even though "[p]ost-*Cirko*, most of the judges who have addressed the propriety of EAJA fees in *Lucia* cases have not focused on the Commissioner's pre-litigation position").

The Commissioner has the burden of proving that his position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 405 (2004) ("The burden of establishing that the position of the United States was substantially justified . . . must be shouldered by the Government." (internal citation and quotation marks omitted)). To meet this burden, the Commissioner must show that "its position was grounded in a reasonable basis in fact and law with a reasonable connection between the two," *Diaz*, 410 F. App'x at 432, meaning there is "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998) (citation omitted).

4

When the government loses "because its legal theory is rejected," "there is no *per se* rule that imposes counsel fees on the government." *Marant*, 2020 WL 3402416, at *3 (quoting *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985)). If "the case turns on an unsettled or close question of law . . . the government will usually be able to establish that its legal theory was reasonable, even if not ultimately accepted as a legal rule by the courts." *Id.* (quoting *Washington*, 756 F.2d at 961 (internal quotation marks omitted)). If, instead, "the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'" *Id.* (quoting *Washington*, 756 F.2d at 961–62).

### B.     Analysis

To grant the plaintiff's motion for attorney's fees, the court must ask two questions. First, is the plaintiff the prevailing party? Second, was the Commissioner's pre-litigation and litigation position substantially justified? *See Morgan*, 142 F.3d at 684.

The court answers the first question affirmatively. The parties agree that the plaintiff is the prevailing party.[2] The plaintiff argued that the ALJ was not properly appointed, and she prevailed on this point. Doc. Nos. 23 & 32. The second question necessitates a deeper analysis. The court turns to the second question and considers the Commissioner's pre-litigation position and litigation position in turn.

#### 1.     The Commissioner's Pre-Litigation Position

The pre-litigation position related to the Commissioner's inaction—his failure to properly appoint an ALJ at the administrative level. Because such inaction is not based in any facts, but only in law, the court does not engage in the three-part analysis outlined above in evaluating the Commissioner's pre-litigation position. *Morgan*, 142 F.3d at 684 ("(1) a reasonable basis in truth

---

[2] Although the Commissioner did not discuss it in his brief, the Commissioner's counsel acknowledged that the plaintiff was a prevailing party during oral argument.

5

for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced."). Instead, the court only analyzes whether the Commissioner had a reasonable basis in law for failing to provide a properly appointed ALJ to hear the plaintiff's case. The court determines that the Commissioner's pre-litigation position was substantially justified.

When the ALJ and Appeals Council rendered their decisions prior to both *Lucia* and *Cirko*, the Appointments Clause jurisprudence was unclear and "lack[ing] guidance." *Lucia*, 138 S. Ct. at 2065 (Sotomayor, J., dissenting). In *Marant*, Judge Hey discusses the way in which "[t]he pre-*Lucia* landscape on the ALJ Appointments Clause issue stands in sharp contrast to other situations where courts have found a pre-litigation position based on an interpretation of the law was not justified." 2020 WL 3402416, at *4. Judge Hey points to *Natural Resources Defense Council v. United States Environmental Protection Agency*, 703 F.2d 700, 712 (3d Cir. 1983), a case in which the Third Circuit found that the government's pre-litigation position was not substantially justified, and, therefore awarded EAJA fees to the plaintiff. *Id.* In *National Resources Defense Council*, the government dispensed with notice and comment rulemaking even though "[t]he law was already settled that this could not lawfully be done." *Id.* (quoting *National Resources Defense Council*, 703 F.2d at 712). Here, in contrast, the Commissioner's pre-litigation position was not in flagrant violation of settled law.

The plaintiff argues the Commissioner's pre-litigation position was not substantially justified for three reasons: (1) It was the Commissioner's failure to provide a constitutionally appointed ALJ to hear her case that forced her to retain an attorney and file this action; (2) the ALJ handling her case had an affirmative duty to raise the Appointments Clause issue and failed to abide by that duty; and (3) the Commissioner had ample reason to know that his failure to appoint

6

ALJs in conformity with the Appointments Clause was unconstitutional based on the Supreme Court's decision in *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991). Pl.'s Br. in Reply to Def.'s Resp. to Mot. for Att'y Fees ("Pl.'s Reply") at 4–5, 6, 7, Doc. No. 35. The court evaluates each of the plaintiff's arguments in turn.

While the court sympathizes with the plaintiff's argument that the Commissioner's failure to properly appoint the ALJ compelled her to engage in this litigation, the court can deem the government's pre-litigation position substantially justified, even when the government's pre-litigation position is the impetus for the litigation. *See Williams v. Astrue*, 600 F.3d 299, 301–02 (3d Cir. 2009) (finding that even though ALJ's misstatement of record caused plaintiff's federal court litigation, "the government's position was substantially justified"); *see also Roanoke River Basin Assoc. v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) (noting that court could find government's position to be substantially justified if "the government acted reasonably in *causing* the litigation" (emphasis added)).

The plaintiff contends that the ALJ had a duty to flag the Appointments Clause argument because "the Commissioner's ALJs, unlike those in other administrative adjudicatory systems, have a duty to raise issues *sua sponte* in all cases." Pl.'s Reply at 6. The court disagrees. The plaintiff cites *Ventura v. Shalala*, 55 F.3d 900 (3d Cir. 1995) to support this contention. *Id. Ventura* comports with the notion that "ALJs have a duty to develop a full and fair record in social security cases" by "secur[ing] relevant information regarding a claimant's entitlement to social security benefits." *Id.* at 902; *see also Cirko*, 948 F.3d at 156 (explaining that "ALJs must 'look[ ] fully into the issues,' '[a]ccept[ ] as evidence any documents that are material to the issues,' and 'decide when the evidence will be presented and when the issues will be discussed,'" whereas "claimants need not even state their case or present written arguments" (alterations in original) (quoting 20

7

C.F.R. § 404.944, 949)). However, ALJs' duty to develop a full and fair record does not amount to a duty to raise arguments about *unsettled* questions of law.

Regarding the plaintiff's final argument, she incorrectly contends that *Freytag* gave rise to the Commissioner's obligation to appoint ALJs pursuant to the Appointments Clause. Although *Freytag* laid the groundwork for *Lucia*, *see Lucia*, 138 S. Ct. at 2053 ("*Freytag* says everything necessary to decide this case."), it had a limited reach because it only established that "special trial judges" (STJs) of the United States Tax Court qualify as officers rather than employees. *Freytag*, 501 U.S. at 881–82. After *Freytag*, "the Court's Appointments Clause jurisprudence [still] offer[ed] little guidance on who qualifies as an 'Officer of the United States.'" *Lucia*, at 138 S. Ct. at 2064–65 (Sotomayor, J., dissenting). Although there are similarities between STJs and ALJs, the question of whether *Freytag* extended to ALJs was "an unsettled . . . question of law" such that the Commissioner here can "establish that [his] legal theory was reasonable, even if not ultimately accepted as a legal rule by the courts." *Washington*, 756 F.2d at 961.

### 2. The Commissioner's Litigation Position

The court now turns to the question of whether the Commissioner's litigation position was substantially justified. The Commissioner took the position during litigation that the plaintiff had waived her Appointments Clause argument, because she failed to raise this argument at the administrative level. *See* Def.'s Resp. to Request for Review of Pl. at 2–9, Doc. No. 17. The court analyzes this position to determine whether the Commissioner presents "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan*, 142 F.3d at 684. The court finds that the Commissioner's litigation position was substantially justified because (1) it is undisputed that the plaintiff did not raise her Appointments Clause challenge

8

during administrative proceedings; and (2) many courts, including courts in this district, had concluded Social Security Administration claimants needed to raise such a challenge during administrative proceedings, otherwise the plaintiff waived the challenge.

The plaintiff argues that it would be "absurd" to find that the Commissioner's litigation position was substantially justified because such a finding would stand for "[t]he notion that a government official may violate the Constitution with impunity until or unless a citizen complains[.]" Pl.'s Reply at 5. She argues that even if she had objected, she would not have received relief because "no relief whatsoever was afforded to claimants who objected to unconstitutionally appointed ALJs until . . . March 2019." *Id.* at 5, n.4. The Commissioner argues it was reasonable to raise the waiver objection because he raised this objection after *Lucia*, but before *Cirko*, "when 34 out of the 35 district courts that had decided the issue, including the Eastern District of Pennsylvania, had rejected attacks on the validity of an SSA ALJ's appointment where the claimant failed to make the constitutional challenge at the administrative level[.]" Def.'s Resp. to Pl.'s Appl. for Att'y Fees Under the Equal Access to Justice Act at 6, Doc. No. 34 (citation omitted).

Based on these arguments, the "dispute appears to turn on the second element: whether the Commissioner had a reasonable basis in law for claiming [the plaintiff] waived or failed to exhaust his Appointments Clause challenge." *Cortese v. Comm'r of Soc. Sec.*, Civ. A. No. 18-3437, 2020 WL 2745741, at *5 (E.D. Pa. May 27, 2020). For this reason, the court centers this analysis of the Commissioner's litigation position around his basis in law for claiming the plaintiff waived her argument. At the time that the Commissioner filed his objection, "[n]umerous district courts around the country . . . had previously agreed with the Commissioner's position that Appointments Clause challenges are subject to exhaustion requirements." *Holmes v. Berryhill*, Civ. A. No. 19-

9

784, 2020 WL 2126787, at *2 (E.D. Pa. May 4, 2020) (citations omitted); *see Cortese*, 2020 WL 2745741, at *5 and n.50 (quoting *Holmes*, 2020 WL 2126787, at *2). In this district, there was a split on the issue of whether a plaintiff must exhaust an Appointments Clause claim. *Compare Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559, 572–74 (E.D. Pa. 2019) (finding that plaintiff did not forfeit his Appointments Clause claim and even if he did, court "would excuse it because it would have been futile to make an argument before [the] ALJ . . . who could not have decided a constitutional challenge[.]"), *and Kellett v. Berryhill*, Civ. A. No. 18-4757, 2019 WL 2339968, at *8 (E.D. Pa. June 3, 2019) (finding plaintiff did not need to raise Appointments Clause claim at administrative level), *with Muhammad v. Berryhill*, 381 F. Supp. 3d 462, 471 (E.D. Pa. 2019) (finding plaintiff forfeited Appointments Clause claim due to failure to exhaust at administrative level), *Marchant ex rel. A.A.H. v. Berryhill*, Civ. A. No. 18-345, 2019 WL 2268982, at *8 (E.D. Pa. May 28, 2019) ("We find that she has waived her Appointments Clause challenge, and she is not entitled to a rehearing on these grounds."), *and Cox v. Berryhill*, Civ. No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018) ("Plaintiff has forfeited [this] issue by failing to raise it during her administrative proceedings." (alteration in original) (internal quotation marks omitted)).

In claiming that the plaintiff waived her Appointments Clause argument, the Commissioner "reasonably relied on . . . precedent throughout this proceeding" that weighed in his favor on the issue of waiver and provided "valid and legitimate legal explanations for pursuing his defense." *Cortese*, 2020 WL 2745741, at *5. This reasonable reliance contrasts with cases in which the government's positions is not substantially justified because it "relie[s] on a legal theory contrary to existing law." *See id.* at *4–5 (citing *Roberts v. Berryhill*, 310 F. Supp. 3d 529 (E.D. Pa. 2018) and *Healey v. Leavitt*, 485 F.3d 63 (2d Cir. 2007) as cases in which the government propounded a

10

legal theory that wholly lacked support, and, therefore was not substantially justified). Because there was well-reasoned legal precedent to support the Commissioner's litigation position, the court finds the litigation position was substantially justified.

The majority of judges in this district agree with this court's finding that the Commissioner's litigation position was substantially justified. *Compare Wojciechowski v. Saul*, Civ. A. No. 18-3843, 2020 WL 3542248 (E.D. Pa. June 30, 2020) (denying attorney's fees under the EAJA because the Commissioner's position was substantially justified), *Brito v. Saul*, Civ. A. No. 19-2160, 2020 WL 3498099 (E.D. Pa. June 29, 2020) (same), *Lebron-Torres v. Comm'r of Soc. Sec. Admin.*, Civ. A. No. 18-1212, 2020 WL 3488424 (E.D. Pa. June 26, 2020) (same), *Marant*, 2020 WL 3402416 (same), *Hill v. Saul*, Civ. A. No. 18-5564, 2020 WL 3250484 (E.D. Pa. June 16, 2020) (same), *Diaz v. Saul*, Civ. A. No. 18-5075, 2020 WL 3127941 (E.D. Pa. June 12, 2020) (same), *and Holmes*, 2020 WL 2126787 (same), *with Byrd v. Saul*, Civ. A. No. 18-5248-RAL, 2020 WL 3469031 (E.D. Pa. June 25, 2020) (granting plaintiff's motion for attorney's fees pursuant to EAJA) *and Howard v. Saul*, Civ. A. No. 19-2262, 2020 WL 3288186 (E.D. Pa. June 18, 2020) (same). In *Byrd*, the court came to a different conclusion than most of the judges who have addressed this issue in this district, and found that the Commissioner's litigation position was not substantially justified because the Commissioner's litigation position and other Eastern District of Pennsylvania judges' analyses did not account for *Sims v. Apfel*, 530 U.S. 103 (2000). 2020 WL 3469031, at *2–3. In *Sims*, the Supreme Court found that claimants need not exhaust issues before the Social Security Administration's Appeals Council to obtain judicial review of those claims. *See Cirko*, 948 F.3d at 155 (explaining holding in *Sims*). However, *Sims* did "not dictate the answer" to whether a claimant must exhaust an issue before a Social Security Administration ALJ.

11

*Id.* Therefore, this court disagrees with the *Byrd* analysis and finds that *Sims* does not vitiate the finding that the Commissioner's litigation position was substantially justified prior to *Cirko*.

### III. CONCLUSION

Although the plaintiff was the prevailing party, the Commissioner's pre-litigation and litigation position was substantially justified. Therefore, in accordance with the decisions of the majority of other judges in this district, the plaintiff is not entitled to attorney's fees under the EAJA.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.